(No. 1911—)

LOUIS M. JETTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 21, 1933.*

GERALD G. GINNAVEN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ AND JOHN KASSERMAN, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Louis M. Jetter, claimant herein, as shown by the record, was an employee of the State at the State Power Plant in Springfield on September 11, 1931. While repairing a pump, a gasket was blown out, a stream of hot water blown against the right side of the face and body of claimant. He was taken to the hospital and certain expenses were incurred by him as follows:

| | |
|---|---|
| Springfield Hospital | $73.70 |
| Dr. M. J. Jelliffe | 57.00 |
| Marian Dye, nurse hire | 30.00 |
| Asbuties Peters, nurse hire | 30.00 |
| Total | $190.70 |

Claim is made for reimbursement of this expense and for the further sum of Three Hundred Dollars ($300.00) for

loss of vision in the right eye, said sum of Three Hundred Dollars being the amount for which claimant states he might obtain an operation to remove a cataract from his right eye; such cataract being claimed by claimant to be the result of said accident. Although there is some question when considering all the record whether the steam to which claimant was exposed would cause the cataract, the court is of the opinion that the cataract in question was the result of the accident.

The testimony of Dr. Jones, a State physician, is that the claimant has traumatic cataract, and that the pressure of water at one hundred fifty pounds (150 lbs.) could cause such cataract. Claimant testified that the pressure of water at the time of the accident, striking his eye and face, was, in his judgment, one hundred and fifty pounds, and the temperature of same from one hundred eighty to two hundred (180-200) degrees. Dr. Jones further testified that claimant has a total loss of vision of his right eye, with light perception and light projection remaining, same due to the traumatic cataract that was caused by the injury in question. It is further stipulated by claimant that an award of Three Hundred Dollars ($300.00) would be accepted in full satisfaction for the loss of vision of said eye in view of a possible relief to be expected from an operation that might be performed thereon.

Claimant was an employee of the State, and engaged in the performance of his duties at the time of the accident. The court is of the opinion that the case is one in which an award may properly be made; that the sum of Four Hundred Ninety Dollars and seventy cents ($490.70) is a reasonable and proper award in the premises, and such amount is allowed in full settlement of all claim against the State for injuries or loss, and expense resulting from the said accident.